UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG P. BRADLEY II,

        Plaintiff,

                                    Case No. 12-10081
v.                             Hon. Gerald E. Rosen
                                      Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         March 22, 2013

        PRESENT:  Honorable Gerald E. Rosen
                             Chief Judge, United States District Court

On January 8, 2013, Magistrate Judge Charles E. Binder issued a Report and

Recommendation ("R & R") recommending that the Court deny Plaintiff Craig P. Bradley

II's motion for summary judgment and grant the Defendant Commissioner of Social

Security's motion for summary judgment.  Plaintiff filed objections to the R & R on

January 22, 2013.  The Court has now reviewed the R & R, Plaintiff's objections, the

parties' underlying motions, and the remainder of the record.  For the reasons stated

below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R

as the opinion of this Court.

As her first objection to the R & R,[1] Plaintiff contends that the Magistrate Judge

failed to review the credibility assessment of the Administrative Law Judge ("ALJ")

under the proper legal standard.  In particular, Plaintiff suggests that the Magistrate Judge

undertook an independent review of the record in determining whether there was a basis

for discounting the credibility of Plaintiff's testimony at the administrative hearing, rather

than looking solely to the grounds identified by the ALJ for deeming this testimony not

fully credible.  This contention, however, overlooks the Magistrate Judge's express

finding, supported by citation to the pertinent portion of the ALJ's decision, that "the ALJ

thoroughly considered all the relevant factors and determined that Plaintiff's complaints

of disabling impairments were not fully credible."  (R & R at 16 (citing Admin. Record at

19-22).)  The Magistrate Judge then goes on to consider whether the factors cited by the

ALJ in making this credibility assessment are supported by substantial evidence,

answering this question in the affirmative.  (*See* R & R at 16-17.)  The Court finds no

infirmity in this analysis.

To the extent that Plaintiff faults the ALJ for making a credibility determination

that rested in part upon "improper inferences regarding the Plaintiff's irregular course of

treatment," without due consideration of the circumstances of Plaintiff's life that left her

unable "to afford health care of any kind," (Plaintiff's Objections at 3), the Court finds

---

[1]As noted by the Magistrate Judge and in the parties' underlying summary judgment motions, Plaintiff is genetically male but identifies as a woman.  Thus, the Court, like the Magistrate Judge, will use feminine pronouns when referring to Plaintiff.

that the ALJ's evaluation of Plaintiff's credibility is not undermined by any such

improper inference.  While Plaintiff testified at the administrative hearing that she did not

have health insurance at that time, she acknowledged that she had been enrolled in a

health plan in the past, (*see* Admin. Record at 41-43), and it is unclear from her testimony

(or the remainder of the record) precisely how much (or how little) of the pertinent time

period she was without health coverage.[2]  This record, then, does not provide much in the

way of an "explanation[] . . . or other information," Social Security Ruling 96-7p, that the

ALJ was obliged to consider when determining the significance of Plaintiff's limited

history of medical treatment.

More importantly, the ALJ's credibility assessment was not based solely, or even

largely, on the infrequency of Plaintiff's medical visits and attempts to secure medical

care.  Rather, in determining that Plaintiff's testimony regarding her physical and mental

limitations was "not entirely credible," the ALJ also cited (i) Plaintiff's own testimony as

to her daily activities, (ii) the "objective medical evidence," (iii) the "findings made on

examination, reports of observations and opinions of treating sources," (iv) the

"conservative treatment" received by Plaintiff for her physical problems, (v) the lack of

any "specific work-related restrictions" imposed by any treating physician, and (vi) the

lack of evidence that Plaintiff ever required hospitalization or sought emergency

---

[2]Moreover, as the Government points out in its underlying summary judgment motion, it appears from Plaintiff's testimony that she did not vigorously pursue the reinstatement of her health coverage once it was discontinued, but instead "gave up on trying" after her first request for coverage was denied.  (*Id.* at 43.)

treatment for her mental health condition.  (Admin. Record at 20-21.)  In light of these

reasons given by the ALJ for discounting Plaintiff's testimony, each of which is grounded

in the evidentiary record, the Court agrees with the Magistrate Judge that "the ALJ's

credibility finding is supported by substantial evidence and should not be disturbed."  (R

& R at 17.)

Plaintiff next objects that the ALJ's determination of her residual functional

capacity ("RFC") impermissibly deviated in two respects from the limitations purportedly

reflected in the record.  First, while an examining physician, Dr. J.L. Tofaute, completed

a form indicating that Plaintiff could sit for three to four hours, stand for one to two

hours, and walk for four to five hours in an eight-hour work day, (*see* Admin. Record at

314), the ALJ's RFC determination included findings that Plaintiff could "stand [or] walk

for at least 2 hours of an 8 hour day [and] sit for 6 hours of an 8 hour day, with an option

to sit/stand at will," (*id.* at 18).  The Magistrate Judge viewed this RFC as including

"more restrictive" limitations than those set forth in Dr. Tofaute's report, and concluded

that any variances from Dr. Tofaute's findings "were made in Plaintiff's favor and thus

could only have been, at most, harmless error."  (R & R at 18.)  Plaintiff argues, however,

that the ALJ's deviations from Dr. Tofaute's findings worked to his disadvantage, in light

of the recognition in Social Security Ruling 96-9p that "[i]f an individual is unable to sit

for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base

will be eroded."  Social Security Ruling 96-9p, 1996 WL 374185, at *6 (July 2, 1996).

Although the Court agrees with Plaintiff that the discrepancies between Dr.

Tofaute's report and the ALJ's RFC were not necessarily in his favor,[3] the Court cannot

accept Plaintiff's further contention that the ALJ's determination must be rejected as

lacking in "explanation or evidentiary support." (Plaintiff's Objections at 5.) To be sure,

Dr. Tofaute circled boxes on a form indicating that Plaintiff could sit for three to four

hours in an eight-hour workday. (*See* Admin. Record at 314.) Yet, neither this form nor

Dr. Tofaute's accompanying report cites any objective medical findings or condition that

would support this limitation to less than six hours of sitting in a day; to the contrary, Dr.

Tofaute states elsewhere on this form that Plaintiff's "[s]ubjective complaints" as to his

limitations were "not supported by [the] clinical exam[ination]" conducted of Plaintiff.

(*Id.* at 313.) As noted in the Government's underlying motion, the determination of

Plaintiff's RFC is an issue reserved to the Defendant Commissioner, *see* 20 C.F.R. §

---

[3]In one sense, the Court recognizes the Magistrate Judge's point that the limitations imposed in the ALJ's RFC were arguably more restrictive than those reflected in the form completed by Dr. Tofaute. In essence, the ALJ took two or three of the hours Dr. Tofaute found Plaintiff could walk in a day and translated these into hours of sitting instead. Ordinarily, one would view more hours of sitting as indicative of greater physical impairment than the equivalent number of hours of walking, particularly where, as here, the ALJ's RFC included a requirement that Plaintiff be permitted to switch at will between sitting and standing. Nonetheless, Plaintiff correctly observes that the sedentary work contemplated by the ALJ and addressed in the testimony of the vocational expert generally entails sitting for at least six hours during an eight-hour workday.

Contrary to Plaintiff's suggestion, however, the vocational expert's responses to the ALJ's hypothetical questions did not reflect that the limitations identified by Dr. Tofaute would preclude all employment. In the question cited by Plaintiff, the ALJ posited a hypothetical individual who "could stand and walk for two hours of an eight hour day [and] sit for less than six hours, such that they add up to less than an eight hour day." (Admin. Record at 50.) In contrast, the combination of sitting, standing, and walking reflected in Dr. Tofaute's opinion (or even the sitting and walking alone, omitting the one to two hours of standing) were sufficient to encompass a full eight-hour workday.

416.927(e)(2), and the ALJ was not required to adopt each of Dr. Tofaute's opinions as to

how long Plaintiff could sit, stand, and walk in an eight-hour day.  Given the evidence

cited by the ALJ — including Dr. Tofaute's statement that Plaintiff's subjective

complaints were not supported by the physician's examination, the fact that Plaintiff had

"received only conservative treatment for his physical problems" and that his "pain

appears to respond adequately to Ibuprofen," and the absence of any treating physician

recommendation of "any specific work-related restrictions as warranted by [Plaintiff's]

condition, (Admin. Record at 21) — the Court finds a sufficient basis in the record for the

ALJ's determination that Plaintiff was capable of sitting for six hours in an eight-hour

day, albeit with the option to sit or stand at will.  Certainly, Plaintiff has not pointed to

any record evidence that would undermine the ALJ's determination on this point.

        Plaintiff further contends that the non-physical component of the ALJ's RFC

likewise is unsupported by the record.  In particular, while the Magistrate Judge cited the

findings of Dr. Thomas Horner, a psychologist, as supporting this aspect of the RFC, (*see*

R & R at 18), Plaintiff points out that the ALJ made findings of "moderate difficulties" in

concentration, persistence, or pace, (Admin. Record at 18), that have no counterpart in

Dr. Horner's opinion.  Yet, a mental assessment performed by another physician, Dr. Paul

Liu, includes precisely this opinion that Plaintiff had moderate difficulties in maintaining

concentration, persistence, or pace.  (*See id.* at 276.)  Plaintiff does not acknowledge this

additional physician opinion in her objections, much less explain how it might fail to

support the ALJ's determination of her RFC.  To the extent that Plaintiff suggests that

these moderate difficulties in concentration, persistence, or pace are not adequately

accounted for through the specific limitations imposed in the ALJ's RFC, the

Government's underlying summary judgment brief cites ample case law from this District

rejecting this or similar contentions, (*see* Defendant's Motion, Br. in Support at 8-12 &

n.4), and Plaintiff fails to address this authority in her objections.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's January 22,

2013 objections to the Magistrate Judge's January 8, 2013 Report and Recommendation

are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and

Recommendation is ADOPTED as the opinion of this Court, as supplemented by the

rulings in the present order.  Finally, IT IS FURTHER ORDERED that, for the reasons

set forth above and in the Magistrate Judge's Report and Recommendation, Defendant's

August 10, 2012 motion for summary judgment (docket #14) is GRANTED, and

Plaintiff's May 11, 2012 motion for summary judgment (docket #11) is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  March 22, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135